REQUESTED BY: Dear Senator Carsten:
You have asked that we review LB 285, Eighty-Sixth Legislature, First Session. LB 285 seeks to amend LB 1, Eighty-Fifth Legislature, First Special Session, 1978. In your first question you ask `Does the limitation on the budgets of political subdivisions imposed by LB 1 (1978 Special Session), apply to that portion of the total adopted budget funded only by ad valorem taxes?' The provision of LB 1 dealing with this subject is section 1 and it provides:
 "Every political subdivision authorized to levy a tax or cause a tax to be levied may adjust that portion of its budget funded by ad valorem taxes for the upcoming fiscal year so as not to exceed an increase of more than seven per cent of the current year's budget funded by ad valorem taxes. . ." (Emphasis added.)
The phrase `that portion of its budget funded by ad valorem taxes' coupled with the phrase `current year's budget funded by ad valorem taxes' can only mean that the portion of the total budget which is funded by ad valorem taxes is limited by LB 1. Thus meaning less than the entire budget.
Most local subdivisions receive revenue from a variety of sources. For instance, a county will receive money from real and personal property taxation, from federal grants, from state payments from inheritance taxation, from license fees and a variety of other activities. All of these income sources to some extent support the budget. The limitation adopted under LB 1 applies only to the portion of the budget which is funded by ad valorem taxation. That portion of the budget supported by non ad valorem taxes or income other than from tax sources, is not limited by LB 1.
In your second question you ask `Does the limitation imposed by LB 1 apply to the budget as a whole, regardless of the source of the tax receipts which, when lumped together, make up the entire budget?'
At first glance your second question may seem to be identical to your first question. However, it is important to distinguish between having an effect on the whole budget and applying to the whole budget. Were the seven percent limitation applicable to the entire budget of a local subdivision, the use of the term `current year's budget funded by ad valorem taxation' would be superfluous. It is necessary in constructing statutes to give effect and meaning to the entire statute and to not reach a conclusion which would make ineffective and portion of the statute. Thus, it must be concluded that the limitation is solely as to the portion of the budget funded by ad valorem taxation.
That is not to say, however, that the seven percent limitation does not affect the entire budget. The effect of the seven percent limitation arises by virtue of the provisions of subsections (a) and (b) of section (1). Subsection (a) allows the budget limit to be exceeded where there are reduced receipts from state sources. Subsection (b) requires that the budget limitation be reduced where there are increased receipts from state general fund sources.
To the extent that the state authorizes any increase in state support the effective limit will be seven percent minus the increase in state general fund support. For example, assume a subdivision receives 50 percent of its revenues from state general fund sources and 50 percent from property tax revenue. If the Legislature increases state funding support by 7 percent, the subdivision would not be able to increase their ad valorem tax funded portion of the budget at all for that year. Effectively they would have a 3.5 percent budget limit.
Other examples could be cited which would show that there is an effect on the total budget of any subdivision by the imposition of a limit on a portion of the budget. However, an effect should not be confused with a limit.